**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 31, 2011

Lyle W. Cayce
Clerk

No. 10-10158
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON AVILA-ORTIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CR-39-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ramon Avila-Ortiz was convicted of one charge of bulk cash smuggling and was sentenced to serve to serve 24 months in prison and a three-year term of supervised release.  In this appeal, he argues that the district court abused its discretion by rejecting his argument concerning the application of U.S.S.G. § 2X1.1(b)(1) to his case.  Specifically, he contends that § 2X1.1 applies because his offense conduct involved an attempt and § 2S1.3 is excluded from the application note for § 2X1.1 listing guidelines that expressly cover attempts.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Additionally, he argues that he was entitled to application of three-level reduction of § 2X1.1(b)(1) because the record does not support the district court's conclusion that he would have completed the offense but for his arrest.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Our review of the record shows no error in connection with the district court's denial of the requested reduction. The plain language of both § 2X1.1 and § 2S1.3 supports the district court's guidelines calculations. Further, the facts contained in the record show that Avila-Ortiz had taken many significant steps towards completion of the offense and had made substantial progress towards achieving his illicit goal. *See United States v. John*, 597 F.3d 263, 283 (5th Cir. 2010). Indeed, when he was arrested the only step left was for him to take his unreported cash across the border, and there is nothing in the record to indicate that anything save for arrest would have prevented him from completing this task. Avila-Ortiz's arguments are unavailing, and he has not shown that his sentence is unreasonable. *Mares*, 402 F.3d at 519-20.

The judgment of the district court is AFFIRMED.